```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**GREGORY CRUM,**

    **Movant,**

v.                               Case No. 2:19-cv-00817
                                     (Criminal No. 2:16-cr-00133-1)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

Pending is the movant's <u>pro se</u> motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, filed by the Clerk on November 18, 2019 (ECF No. 346).

### I. Background

This matter was previously referred to Cheryl A. Eifert, United States Magistrate Judge, who, on October 2, 2020, entered her Proposed Findings and Recommendations ("PF&R") regarding the current motion pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) (ECF No. 377).

As recounted in the PF&R, a grand jury returned an indictment against the movant on July 20, 2016, and thereafter returned a second superseding indictment, charging him with conspiracy to distribute 500 grams or more of methamphetamine,

in violation of 21 U.S.C. § 846.  See ECF No. 1; ECF No. 168.[1] On December 29, 2016, the court appointed Carl E. Hostler as counsel for the movant.  See EFC No. 174; ECF No. 186.

On March 7, 2017, the court received in chambers an *ex parte* letter from the movant, enclosing a *pro se* motion requesting that the court dismiss Mr. Hostler as counsel and appoint him new counsel.  See ECF No. 218; ECF No. 346 at 14-19. In support of the *pro se* motion, the movant listed several complaints concerning Mr. Hostler's performance.  See ECF No. 346 at 14-19.  Thereafter, on March 10, 2017, the court sent a letter to Mr. Hostler, enclosing a copy of the movant's *ex parte* letter and asking him to discuss the matters contained therein with the movant.  See ECF No. 350 at 5.  The court sent a copy of its March 10, 2017 letter to the movant as well.  See *id.*

On April 14, 2017, the movant, through Mr. Hostler, filed a motion to schedule a guilty plea hearing, which the court held on May 2, 2017.  See ECF No. 233; ECF No. 239; ECF No. 284.  At the plea hearing, the movant confirmed that he had discussed the facts of the case, the charge against him, and

---

[1] References to entries not available in the above-styled civil action are to entries available in the docket of the movant's underlying criminal action.

possible defenses with Mr. Hostler.  See ECF No. 284 at 14.  In response to the court's inquiry, he also confirmed that he understood his constitutional rights, including his right to counsel, and that he understood he was waiving certain trial rights by pleading guilty.  See id. at 34-38, 43.  The movant agreed that he was satisfied with his attorney and that Mr. Hostler had provided a full and fair representation and had spent a good deal of time with the movant regarding the case.  See id. at 41-42.

The movant pled guilty to the offense charged.  See id. at 33.  Through the court's inquiry and the government's presentation, the movant provided an evidentiary basis for his plea, explaining his role in the drug-distribution scheme underlying the offense charged.  See id. at 45-55.  He also confirmed that he was pleading guilty because he was in fact guilty of the offense charged and that he wished to proceed with his guilty plea.  See id. at 59.  After finding that a factual basis existed for the plea and that the movant had entered his plea knowingly and voluntarily, the court accepted the movant's guilty plea.  See id. at 62-63.

At the subsequent sentencing hearing, the movant, through Mr. Hostler, raised a number of objections to the

3

presentence investigation report ("PSR").  See ECF No. 285.  He further asserted that the 324-to-405-month guidelines range suggested by the PSR, if the court found it applicable, was excessive, and he argued for a downward variance.  See ECF No. 276; ECF No. 285.  Although the court overruled the movant's objections and adopted the guidelines range suggested in the PSR, the court agreed to a downward variance and ultimately imposed a 240-month term of imprisonment.  See ECF No. 274; ECF No. 275; ECF No. 285.

The movant, through Mr. Hostler, appealed his sentence.  See EFC No. 266; see also United States v. Crum, 740 F. App'x 261 (2018).  On appeal, he challenged the district court's calculation of the drug amount and purity attributable to him as well as the imposition of leadership-role and international-importation enhancements.  See Crum, 740 F. App'x at 262-63.  The Fourth Circuit rejected these challenges and affirmed the movant's sentence.  See id.

The movant filed the current § 2255 motion on November 18, 2019.  See ECF No. 346.  In the motion, the movant raises two grounds for relief.  First, he argues that the court committed multiple errors in handling his pro se motion to substitute counsel, which resulted in a violation of his Sixth

4

Amendment right to effective assistance of counsel and which, because they amount to a structural error, require automatic reversal.  <u>See</u> ECF No. 346 at 5; ECF No. 350 at 3-6, 11-12; <u>see also</u> ECF No. 366 at 2-8.  Notably, in his briefing, the movant states that his § 2255 motion does not "challenge the validity of his guilty plea or his [Fed. R. Crim. P.] 11 plea hearing," that this ineffective assistance argument does not "relate to his guilty plea," that "he is pleased with his guilty plea," and that the transcript of his plea hearing "shows that his guilty plea was knowingly and intelligently entered."  ECF No. 366 at 4-6.

Second, the movant argues that his appointed counsel, Mr. Hostler, rendered ineffective assistance during the movant's sentencing and in his appeal.  <u>See</u> ECF No. 346 at 6; ECF No. 350 at 6-10, 13-14; <u>see also</u> ECF No. 366 at 9.  Specifically, the movant argues that Mr. Hostler failed to seek an independent chemical analysis of the purity of the drugs at issue, failed to challenge the government's belated disclosure of evidence regarding the amount of proceeds from drug transactions, made erroneous statements of fact regarding drug weight and purity during his sentencing hearing, and misrepresented material facts in his appellate briefing.  <u>See</u> ECF No. 346 at 6; ECF No. 350 at

5

6-10, 13-14.

In her PF&R, the Magistrate Judge first determined that the movant waived his challenge to any pre-plea error occasioned by the court's handling of his motion to substitute counsel when he knowingly and voluntarily pled guilty to the charged offense. See ECF No. 377 at 10. The Magistrate Judge noted that, absent a challenge to the court's jurisdiction or to the knowing and voluntary nature of the plea, a criminal defendant waives any alleged defects in the proceedings prior to the entry of a guilty plea. See id. (citing Class v. United States, 138 S. Ct. 798, 800-01 (2018); Blackledge v. Perry, 417 U.S. 21, 30 (1974); Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Lozano, 962 F.3d 773, 778 (4th Cir. 2020); United States v. Fitzgerald, 820 F.3d 107, 110 (4th Cir. 2016)). Because the movant had not challenged the court's jurisdiction and had expressly conceded the validity of his guilty plea, the Magistrate Judge concluded that, to the extent the movant challenged his conviction based on an error regarding his motion to substitute counsel, his argument was waived due to his guilty plea. See id. at 10-12.

The Magistrate Judge further explained that the movant's characterization of the alleged defects as structural

6

error did not alter the analysis.  See id. at 12.  As the Magistrate Judge observed, a pre-plea violation of the right to counsel of choice can amount to a structural error if it affects the framework in which a guilty plea is negotiated and thus calls into question the knowing and voluntary nature of the plea.  See id. (citing United States v. Smith, 640 F.3d 580, 592 (4th Cir. 2011); United States v. Moussaoui, 591 F.3d 263, 280 (4th Cir. 2010)).  However, because the movant expressly concedes that his guilty plea was valid and states that he is pleased with it, the Magistrate Judge determined that the violation the movant asserts does not amount to a structural error that requires automatic relief in a collateral attack.  See id.

The Magistrate Judge next determined that none of the movant's ineffective-assistance claims satisfied the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  See id. at 13-25.  The Magistrate Judge assessed at length each of the movant's claims of ineffective assistance – i.e., his claims that Mr. Hostler failed to obtain an independent analysis of the drugs, agreed with the government's exaggerations regarding drug weight and purity, failed to challenge the government's late evidence regarding drug proceeds, and misrepresented key facts on appeal – and found that the movant

7

had failed to demonstrate that Mr. Hostler's performance was unreasonably deficient or that the movant suffered prejudice. See id. at 16-25. Addressing an issue not expressly raised by the movant, the Magistrate Judge also found that the movant had waived any ineffective assistance claim that might have arisen prior to the movant's guilty plea. See id. at 15-16.

Based on the foregoing findings, the Magistrate Judge has recommended that the movant's § 2255 motion be denied and that this civil action be dismissed with prejudice. See id. at 25. The movant timely filed objections to the PF&R. See ECF No. 378.

## II. Legal Standard

Upon a timely objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. § 636(b)(1)).

8

### III. Analysis

In his objections, the movant largely reiterates his arguments that the court's handling of his pro se motion to substitute counsel violated his constitutional rights and amounted to a structural error requiring automatic reversal. See ECF No. 378 at 1-7. He does not appear to dispute the Magistrate Judge's understanding that he does not intend his § 2255 motion to challenge the validity of his guilty plea. See id. However, the movant seems to assert, perhaps more so in his objections than in his briefing before the Magistrate Judge, that the alleged structural error affected his sentencing and that he is therefore automatically entitled to resentencing. See id. at 3, 6.

To the extent the movant objects to the Magistrate Judge's determination that he has waived any challenge to his conviction based on a pre-plea error, the court overrules the objection. It is not entirely clear that the movant objects to the Magistrate Judge's determination in this regard, but, to the extent he does, the court concludes that the Magistrate Judge correctly determined that, by entering a guilty plea he admits was made knowingly and voluntarily in a court that he does not assert lacked jurisdiction, the movant waived challenges to his

9

conviction based on the court's pre-plea handling of his motion for substitution of counsel. See Lozano, 962 F.3d at 778 ("'It is the general rule that when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea.'" (quoting Fitzgerald, 820 F.3d at 110)). The court further agrees with the Magistrate Judge that, because the movant expressly does not contest the validity of his guilty plea, his attempt to characterize the alleged error as a structural error is of no moment. See Smith, 640 F.3d at 592-93 ("[V]iolations of a defendant's . . . rights to obtain counsel of choice . . . d[o] not give rise to structural error and d[o] not render his guilty plea involuntary" unless, perhaps, "[t]he actual or constructive denial of counsel . . . affects the framework within which . . . a guilty plea is negotiated." (brackets omitted)); Moussaoui, 591 F.3d at 280 n.12 ("[T]he notion that a structural error occurring prior to a guilty plea invalidates the subsequent guilty plea would be at odds with [Supreme Court precedent].").

To the extent the movant objects to the PF&R on the ground that the court's handling of his motion to substitute

10

counsel amounted to a structural error that affected his sentencing and thus requires automatic relief, the court again overrules the objection. Even assuming the court erred in its handling of the movant's motion to substitute counsel, such an error would be subject to harmless error review, and harmlessness is to be assessed by considering whether counsel rendered constitutionally ineffective assistance under the Sixth Amendment, i.e., by applying Strickland's two-prong test. See United States v. Blackledge, 751 F.3d 188, 197-98 (4th Cir. 2014); United States v. Horton, 693 F.3d 463, 467 (4th Cir. 2012) (citing United States v. Wilks, 46 F.3d 640, 644 (7th Cir. 1995)); see also Wilks, 46 F.3d at 644 (applying Strickland to assess harmlessness).

Here, assessing the movant's claims of ineffective assistance that, he asserts, affected his sentencing, the Magistrate Judge determined that none of them satisfied Strickland's two-prong test. See ECF No. 377 at 15-25. The movant does not object to any portion of the Magistrate Judge's thorough analysis of these sentencing-related ineffective-assistance claims. Rather, he argues that the court's alleged errors in handling his motion to substitute counsel amount to a structural error that is not subject to harmless error review.

11

See ECF No. 378. Controlling precedent, however, holds that the alleged errors are subject to review for harmlessness by applying Strickland, and the movant's failure to object to the Magistrate Judge's determination that he has not satisfied Strickland's two-prong test is fatal to his argument. See Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) ("On its face, 28 U.S.C. § 636(b)(1)(B) does not require any review, by either the district court or the court of appeals, of any issue that has not been made the subject of an objection.").[2]

In sum, the court agrees with the Magistrate Judge that the movant's arguments regarding the structural error he claims affected his criminal proceeding are meritless.[3]

---

[2] In a footnote, the movant states that he "restates, repleads, and adopts all of his contentions" from prior briefing "in making his objections." ECF No. 378 at 9 n.1. A generalized objection of this nature does not meet the requirements of § 636(b)(1)(B) and is insufficient to justify de novo review. See Green, 644 F. Supp. 2d at 730.

[3] In her PF&R, the Magistrate Judge found that there was no basis for an evidentiary hearing. See ECF No. 377 at 1. In his objections, the movant argues that he is entitled to such a hearing. See ECF No. 378 at 7-9. The court agrees with the Magistrate Judge that a hearing is unnecessary because it is clear, based upon a thorough examination of the record in the underlying criminal proceeding and in this matter, that the movant is not entitled to § 2255 relief. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## IV. Conclusion

For the foregoing reasons, it is ORDERED that:

1. the movant's objections (ECF No. 378) be, and hereby they are, overruled;

2. the Magistrate Judge's PF&R (ECF No. 377) be, and hereby it is, adopted and incorporated herein;

3. the movant's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 346) be, and hereby it is, denied; and

4. this civil action be, and hereby it is, dismissed with prejudice and removed from the court's docket.

The Clerk is directed to transmit copies of this memorandum opinion and order to the pro se movant, all counsel of record, any other unrepresented parties, and the Magistrate Judge.

ENTER: July 28, 2021

John T. Copenhaver, Jr.
Senior United States District Judge